# Exhibit 1



# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _Sucv20198Y CV 00632 E_

_Samer I. Bakir_ , PLAINTIFF(S),

v.

_Berklee College of Music_, DEFENDANT(S)
_Inc._

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Berklee College of Music Inc_ (Defendant's name)
_1140 Boylston Street, Boston MA 02215_

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff. If you need more time to respond, you may request an
extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, _Superior_ Court, _3 Pemberton Square_
   _Boston MA 02108_ (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
   address: _Joseph S. Provanzano, Esquire, 16 Bourbon Street, Peabody, MA 01960-1595_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
"Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20 19.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)): *Along With Civil Action Coversheet & Attachments & Tracking Order.*

_____

_____

_____

Dated: _____, 20___        Signature: _____

N.B.   **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

(Pg. 3155)

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. SUCV2019B4 CV 006325

_Samer I. Bake_ , PLAINTIFF(S),

v.

_Berklee College of Music_ , DEFENDANT(S)
_Inc._

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Berklee College of Music Inc._ . (Defendant's name)
_1140 Boylston Street, Boston, MA 02215_

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _Superior_ Court, 3 Pemberton Square _Boston, MA 02108_ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Joseph S. Provanzano, Esquire, 16 Bourbon Street, Peabody, MA 01960-1585_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss**," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20 19.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)): *Along with Civil Action CoverSheet & Attachment & Tracking Order.*

_____

_____

_____

Dated: _____, 20___    Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

(Pg. 3158)

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1984CV00632 F | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Samer I Bakri vs. Berklee College of Music Inc | Michael Joseph Donovan, Clerk of Court |
|---|---|

| TO: | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                   **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 05/28/2019 |  |
| Response to the complaint filed (also see MRCP 12) |  | 06/25/2019 |  |
| All motions under MRCP 12, 19, and 20 | 06/25/2019 | 07/25/2019 | 08/26/2019 |
| All motions under MRCP 15 | 06/25/2019 | 07/25/2019 | 08/26/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 12/23/2019 |  |  |
| All motions under MRCP 56 | 01/21/2020 | 02/20/2020 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 06/19/2020 |
| Case shall be resolved and judgment shall issue by |  |  | 02/24/2021 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 02/26/2019 | ASSISTANT CLERK Margaret M Buckley | PHONE (617)788-8144 |
|---|---|---|

| CIVIL ACTION COVER SHEET | DOCKET NUMBER SuCV2019B4CV 00632E | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | |
|---|---|
| PLAINTIFF(S): SAMER I. BAKRI | COUNTY |
| ADDRESS: 2125 Westinghouse Street | Suffolk |
| Unit 145 | |
| San Diego, California 92111 | DEFENDANT(S): BERKLEE COLLEGE OF MUSIC, INC |
| ATTORNEY: Joseph S Provanzano | |
| ADDRESS: 16 Bourbon Street | ADDRESS: 1140 Boylston Street |
| Suite C | Boston, Massachusetts 02215 |
| Peabody MA 01960 | |
| BBO: 407400 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. B99 | TYPE OF ACTION (specify) Other Tortious Action | TRACK F | HAS A JURY CLAIM BEEN MADE? [x] YES [ ] NO |
|---|---|---|---|

*If "Other" please describe:  VIOLATION OF 5TH & 14TH AMENDMENTS OF US CONSTITUTION, MA DECLARATION OF RIGHTS, & 20 U.S.C. § 1681 [TITLE IX]

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................ $ _____
2. Total doctor expenses ................................................................. $ _____
3. Total chiropractic expenses ........................................................ $ _____
4. Total physical therapy expenses ................................................ $ _____
5. Total other expenses (describe below) ...................................... $ _____
                                                  Subtotal (A): $ _____

B. Documented lost wages and compensation to date ....................................................... $ _____
C. Documented property damages to dated ....................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ...................................... $ _____
E. Reasonably anticipated lost wages .............................................................................. $ 21,000.00
F. Other documented items of damages (describe below) ................................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
VIOLATION OF 5TH & 14TH AMENDMENTS OF US CONSTITUTION, ARTICLES I, VI, VII, & X OF MA DECLARATION OF

RIGHTS & ARTICLE CVI OF MA CONSTITUTION & VIOLATION OF 20 U.S.C. § 1681 [TITLE IX]       TOTAL (A-F):$   21,000.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Breach of contract formed by Plaintiff's payment of tuition and fees to Defendant, terms contained in the Equity Policy and    TOTAL: $   53955.88

other Defendant materials, and that said terms would be in compliance with all applicable state and federal laws

Signature of Attorney/Pro Se Plaintiff: X                          Date: 74.955.88

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                Date: Feb 20, 2019

(Pag. 3155)

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (X) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | [x] YES    [ ] NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NUMBER
SUCV201984 CV00 6326

```
************************************
SAMER I. BAKRI,                    *
                                   *
              Plaintiff,           *
                                   *
        -- vs. --                  *
                                   *
BERKLEE COLLEGE OF MUSIC, INC.,    *
                                   *
              Defendant.           *
************************************
```

## VERIFIED COMPLAINT

### DEMAND FOR TRIAL BY JURY IN THE SUPERIOR COURT
### DEMAND FOR TRIAL BY JURY IN THE DISTRICT COURT
### DEMAND FOR TRIAL BY JURY OF SIX IN THE DISTRICT COURT

### COUNT I
### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. ]     This is an action for Preliminary Injunction, a Permanent Injunction and Damages all arising from the Defendant's, Berklee College of Music, Inc.'s, wrongful suspension of the Plaintiff from his education, which resulted from the application of a flawed "disciplinary procedures", which were in violation of the College's Rules and Policies, the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, herein after " Title IX," and its implementing regulation, at 34 C.F.R. 106, which violated the civil rights of the Plaintiff, were unfair and applied unevenly, which were conducted unfairly and which violated the principles of due process, the rights of the Plaintiff and fundamental fairness.

2. ]     The Plaintiff, Samer I. Bakri, is an adult individual, who, before his expulsion,

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 2

was residing at the Berklee College of Music, Inc.'s residence hall, which is located at 160

Massachusetts Avenue, in Boston, Suffolk County, Massachusetts 02115 and who currently

resides at 2125 Westinghouse Street, Unit 145, in San Diego, California.

3. ]    The Defendant, Berklee College of Music, Inc., is a private, non-profit college

located at 1140 Boylston Street, in Boston, Suffolk County, Massachusetts 02215.

4. ]    The Plaintiff, at all times relevant, was a full time student at the Defendant's

school, until his suspension, which was effective on March 6, 2018. The Plaintiff attempted to

have this suspension reversed and after exhausting all possibly remedies now seeks relief from

this Court.

5. ]    This Court has jurisdiction over the Defendant as it does business in this

Commonwealth within Suffolk County.

6. ]    Venue is proper in this Court, pursuant to Massachusetts General Laws, Chapter

223, Section 1 and Section 8, as the Defendant's principal place of business is in Suffolk County,

Massachusetts.

7. ]    Established in 1954, the Defendant is a private, non-profit school granting

undergraduate and graduate degrees.

8. ]    The Plaintiff, at all times relevant, was a full time student at the Defendant's

school from September of 2017, until his suspension, on March 6, 2018. The Plaintiff expended a

large amount of money in pursing his education which was thwarted by the actions of the

Defendant, causing the Plaintiff to lose the ability to pursue his education and receive the higher

earnings that said education would give to him.

9. ]    In early November of 2017, the Plaintiff and another student at the Defendant's

school, identified as a female named Jane Doe [identity withheld], had consensual sexual contact.

**LAW OFFICES OF
JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 3

They were both of the age to grant consent.

10. ]   The Plaintiff maintains that ▮Jane Doe▮ initiated contact and that she gave consent to the Plaintiff to engage in sexual relations with her, which resulted in, ▮Jane Doe▮ and the Plaintiff engaging in sexual relations.

11. ]   Due to alleged rumors from people who did not witness said sexual relations, without local or state police involvement, the Defendant conducted an "investigation," which did not take into account all relevant and available information and which unfairly resulted in the Plaintiff's suspension from the Defendant's school for, at least, two [2] calendar years, after which he could request reinstatement, but said reinstatement would not be guaranteed. This results in the Plaintiff not being able to engage in his career and earn money for, at least, two [2] years. Thus, he would lose the last two [2] years of his working career, when his earnings would be at their highest.

12. ]   According to a letter sent to the Plaintiff, from Ms. Kelly Smolinsky, Deputy for Equity Investigations, for the Defendant, dated February 13, 2018, the basis for the Plaintiff's suspension was that findings were made indicating that he was found "responsible" for "non-consensual sexual contact" and "non-consensual sexual intercourse."

13. ]   There were no findings of force being used or any method to induce ▮Jane Doe▮ to engage unwillingly into sexual relations with the Plaintiff.

14. ]   In order to enhance, repair, and/or protect the Defendant's public relations reputation and image that was damaged by the article published in the Boston Globe newspaper, on or about November 08, 2017, entitled "Berklee let teachers quietly leave after alleged sex abuse, and pushed students for silence", that reported the fact that since the year 2004 at least 11 of the Defendant's faculty members were terminated by the Defendant due to sexual misconduct

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 4

including sexual harassment and sexual assault, the Defendant selectively chose testimony that

bolstered the Defendant's predetermined conclusion regarding finding the Plaintiff "responsible"

for "non-consensual sexual contact" and "non-consensual sexual intercourse", and ignored and/or

unfairly disregarded the testimony of the witnesses available that confirmed that said sexual

relations were consensual, including the testimony of the sole witness of said sexual relations,

Mr. Shawn F. Vincent, the Plaintiff's roommate in the residence hall where said sexual relations

occurred who was present in the room at the time of said sexual relations. See the **AFFIDAVIT**

**OF SHAWN F. VINCENT**, which is attached hereto and incorporated herein by reference

thereto, as if stated here in full.

15. ]   The sanctions imposed on the Plaintiff, as a result of the findings, include:

a. ]   Disciplinary Suspension for two [2] years before the Plaintiff is

allowed to request reinstatement at the College which is not guaranteed;

b. ]   Disciplinary Probation through the end of the Spring 2021 term;

c. ]   No Contact Order between the Plaintiff and Jane Doe;

d. ]   Residence Hall Restriction prohibiting the Plaintiff from living in

College-owned residence halls; and

e. ]   Proof of Good Standing from other schools if the Plaintiff attends

others schools during the time between his suspension and his potential request

for reinstatement to the College.

16. ]   The allegation against the Plaintiff was that he had sexual intercourse with Jane Doe

without effective consent, which is disputed.

17. ]   There were no allegations of coercion or force or injury and no police were called

after the sexual contact and sexual intercourse.

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 5

18. ]    During the "investigation," the Plaintiff was denied the opportunity to confront,

cross-examine, and present evidence to refresh the memory of any witness including Jane Doe

Further the Plaintiff was initially not allowed to provide witnesses for his defense.

19. ]    The Plaintiff was suspended after completing the 2017 Fall Term at the College

and since that date has been prohibited from obtaining his school file suitable for filing with this

Court.

20. ]    The Plaintiff, or others on his behalf, paid tuition and fees to the Defendant,

totaling approximately $ 36,255.88 for the 2017 Fall Term.

21. ]    The Defendant has sent a balance statement to the Plaintiff for $ 17,700.00 for the

2018 Spring Term and correspondence indicating that the Defendant intends to send the matter to

an external collection agency if payment is not made.

22. ]    A suspension for "sexual misconduct" on his academic record has the likely result

of prohibiting the Plaintiff from enrolling at another institution of comparable quality in order to

earn his undergraduate degree and then from gaining meaningful employment.

23. ]    The Plaintiff has lost his opportunity to secure a timely education, to obtain

meaningful employment, and will result in a loss of earnings for the last two [2] years of the

Plaintiff's career, which would be afforded to him if he were able to obtain an undergraduate

degree timely from the Defendant or another institution of comparable quality. And even if he

were to be reinstated to the Defendant's school, after a two [2] year suspension, he would have

lost the opportunity to secure employment and wages that would be afforded to him if he were

able to obtain an undergraduate degree from the College for the two [2] years prior to his

potential reinstatement. As a result, Mr. Bakri faces catastrophic present and future economic

loss.

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 6

**COUNT II**
**VIOLATION OF FIFTH [5TH] AND FOURTEENTH [14TH] AMENDMENTS OF THE**
**UNITED STATES CONSTITUTION, ARTICLES I, VI, VII, AND X OF THE**
**MASSACHUSETTS DECLARATION OF RIGHTS, AND ARTICLE CVI OF THE**
**MASSACHUSETTS CONSTITUTION**

24. ]   The Plaintiff repeats and states here the paragraphs above as if stated here in full.

25. ]   By the conduct alleged herein, the Defendant have subjected the Plaintiff to illegal

bias and discrimination for no other reason than that he is a male in violation of the rights

afforded to the Plaintiff under the Fifth [5th] and Fourteenth [14th] Amendments of the United

States Constitution, Articles I, VI, VII, and X of the Massachusetts Declaration of Rights, and

Article CVI of the Massachusetts Constitution.

26. ]   As set forth in Equity Policy, and as enforced in the Plaintiff's case, the Defendant

imposes a form of strict liability on male students: if a male and female student are both engaged

in sexual activity, the male student could face sanctions, including disciplinary suspension, for

violation of the policy without any evidence of coercion, manipulation, force or any other

additional culpable behavior. Thus, female students are treated differently than male students,

based solely on their sex.

27. ]   On information and belief, the sexual misconduct policies set forth in the Equity

Policy appear to be enforced only against male students at the Defendant's school.

**COUNT III**
**VIOLATION OF 20 U.S.C. § 1681 [TITLE IX]**

28. ]   The Plaintiff repeats and states here the paragraphs above as if stated here in full.

29. ]   Title IX states in pertinent, part: "no person in the United States shall, on the basis

of sex, be excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any education program or activity receiving Federal financial assistance..."

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 7

20 U.S.C. § 1681(a).

30. ]    The College receives federal funding under Title IX, 20 U.S.C. §§ 1681-1688.

31. ]    As a Title IX recipient, the College is required to comply with the requirements of

Title IX as well as those of the regulations promulgated thereunder by the Department of

Education.

32. ]    These regulations require each school receiving Title IX funds to "adopt and

publish grievance procedures providing for the **prompt and equitable** resolution of student ...

complaints alleging any action which would be prohibited by Title IX or its regulations." 34

C.F.R. 106.8. [emphasis added].

33. ]    The regulations further require that "a school's procedures must accord **due**

**process to both parties** involved..." [emphasis added]. See Title IX (2001) "Revised Sexual

Harassment Guidance" at 22 (notice of publication at 66 Fed. Reg. 5512, January 19, 2001).

34. ]    The College's disciplinary policies, as written and as implemented in the

Plaintiff's case are not equitable and do not accord due process to the accused.

35. ]    On information and belief, Jane Doe was not the individual whose allegations

compelled the Defendant to conduct the "investigation."

36. ]    On information and belief, the Plaintiff was not afforded the opportunity to

confront and cross-examine the individual whose allegations compelled the Defendant to conduct

the "investigation" or present evidence to refresh the memory of the individual whose allegations

compelled the Defendant to conduct the "investigation."

37. ]    On information and belief, the fundamental unfairness that imbued the Plaintiff's

disciplinary process, as well as the erroneous outcome, are part of a pattern of decision-making

that discriminates against male students accused of sexual misconduct.

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 8

38. ]    In addition, the sexual misconduct policy at issue, both as written and as enforced against the Plaintiff, imposes an unequal burden on male and female students for the same behavior: engaging in sexual activity.

39. ]    As a result of the Defendant's enforcement of this policy and its failure to comply with the other requirements under Title IX with respect to its disciplinary procedures, the Plaintiff has been denied the benefits of the College's educational program in violation of Title IX.

## COUNT IV
## BREACH OF CONTRACT

40. ]    The Plaintiff repeats and states here the paragraphs above as if stated here in full.

41. ]    The Plaintiff and the Defendant had a contractual relationship, either express or implied. Such contract was formed on the one hand by the Plaintiff's payment, or payment made on his behalf, of tuition and fees to the Defendant and on the other, by the terms contained in the Equity Policy, the Policy Handbook for Students, the Registration Manual, and other Defendant materials and said terms would be in compliance with all applicable state and federal laws including Title IX, the Fifth [5th] and Fourteenth [14th] Amendments of the United States Constitution, Articles I, VI, VII, and X of the Massachusetts Declaration of Rights, and Article CVI of the Massachusetts Constitution.

42. ]    The Plaintiff had a reasonable expectation that the Defendant would adhere to the terms of such contracts, treat him fairly and with due process, in part, as contained in the disciplinary procedures as stated in the Equity Policy and other Defendant materials.

43. ]    The Plaintiff further had a reasonable expectation that the Defendant's stated procedures would comply with the requirement under the Title IX regulations to provide an

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 9

equitable process for adjudicating claims of sexual misconduct and to ensure due process to both

the accuser and the accused.

44. ]    On information and belief, the Defendant through its policy deprived the Plaintiff

of the opportunity to confront and cross-examine witnesses whose statements were part of the

record that was used as the basis for the finding that the Plaintiff was responsible for sexual

misconduct and subsequent imposition of sanctions including suspension from the Defendant or

otherwise defend himself.

45. ]    The Defendant's procedural violations, acts and omissions as described herein

rendered the proceedings unfair, contravening the specific Equity Policy provision stating that the

"investigation will be thorough, impartial, and fair."

46. ]    Such failures combined to cause the Plaintiff significant prejudice in that he was

denied an evenhanded assessment of the facts, resulting in his suspension, a demand from the

Defendant for payment of $ 17,700.00 for the 2018 Spring Term, and additional economic loss

due to his loss of an opportunity to secure employment and wages that would be afforded to him

if he were able to obtain an undergraduate degree from the Defendant or another institution of

comparable quality.

## COUNT V
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

47. ]    The Plaintiff repeats and states here the paragraphs above as if stated here in full.

48. ]    Massachusetts law recognizes an implied covenant of good faith and fair dealing

in all contracts, either express or implied.

49. ]    By the conduct alleged herein, the Defendant has breached the implied covenant

of good faith and fair dealing, and caused harm to the Plaintiff.

**LAW OFFICES OF
JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 10

## COUNT VI
## UNJUST ENRICHMENT

50. ]    The Plaintiff repeats and states here the paragraphs above as if stated here in full.

51. ]    In the alternative, should this Court find no remedy at law available to the

Plaintiff, the Plaintiff pleads Unjust Enrichment.

52. ]    The Defendant received a substantial monetary benefit, approximately in the sum

of $ 36,255.88 in the form of the 2017 Fall Term's tuition and fees paid in full by the Plaintiff or

on his behalf before disciplinary proceedings commenced and the Defendant is also seeking

additional monetary benefit in the form of demanding payment of $ 17,700.00 for the 2018

Spring Term's tuition and fees.

53. ]    As set forth above, due to gross and numerous violations of its disciplinary

procedures within its Equity Policy, the process by which the Defendant found the Plaintiff

responsible for the alleged acts was inherently flawed and fundamentally unfair, causing the

Plaintiff significant prejudice.

54. ]    As a result, the Plaintiff is left without the ability to earn a diploma and degree at

the Defendant or any other institution of comparable quality.

55. ]    For the reasons set forth herein, under the circumstances it would be inequitable

for the Defendant to retain the tuition it has received from the Plaintiff.

**WHEREFORE,** the Plaintiff requests that the Court:

i. ]    Enjoin the Defendant from enforcing its order of sanctions including Disciplinary

Suspension for two years, Disciplinary Probation through the end of the spring 2021 term, No

Contact Order, Residence Hall Restriction, and Proof of Good Standing;

ii. ]    Order the Defendant to reinstate the Plaintiff as a student in good standing;

**LAW OFFICES OF
JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 11

iii. ]    Order the Defendant to rescind its decision finding the Plaintiff "responsible" for

"non-consensual sexual contact" and "non-consensual sexual intercourse;"

iv. ]    Order the Defendant to expunge or otherwise seal the Plaintiff's academic record

of its decision finding the Plaintiff "responsible" for "non-consensual sexual contact" and

"non-consensual sexual intercourse."

v. ]    Order the Defendant to change its policies to be in compliance with all applicable

state and federal laws including Title IX, the Fifth [5th] and Fourteenth [14th] Amendments of

the United States Constitution, Articles I, VI, VII, and X of the Massachusetts Declaration of

Rights, and Article CVI of the Massachusetts Constitution.

vi. ]    Award damages for the harm to the Plaintiff arising from the Defendant's

improper conduct including the costs of relocating from the Defendant's residence halls.

vii.]    Award such other legal or equitable relief as may be appropriate to the Plaintiff.

Respectfully submitted,
Samer I. Bakri,
By His Attorneys,

Joseph S. Provanzano, Esquire
BBO # 407400
John M. Lim, Esquire
BBO # 693180
**LAW OFFICES OF
JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA 01960-1545

Telephone.    : [978] 535 - 8222
Date            : Friday, October 19, 2018
File            : P09-3158
Email          : JP@JOEPROLAW.com
                  JL@JOEPROLAW.com

**LAW OFFICES OF
JOSEPH S. PROVANZANO**

## **VERIFICATION**

I, Samer I. Bakri, am the Plaintiff in the above action and I hereby state under the pains

and penalties of perjury that I have read the Verified Complaint to which this Verification is

attached and that the factual statements made therein are personally known to me as they are

stated and that they are true and correct and to the extent that any fact is stated to be based upon a

belief and/or an understanding that I reasonably believe each such fact to be true and correct as

stated. Signed and sealed under oath as of thisFriday, October 19, 2018 by:

Samer I. Bakri

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NUMBER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SAMER I. BAKRI,                          *
                                          *
                    Plaintiff,            *
                                          *
        -- vs. --                         *
                                          *
BERKLEE COLLEGE OF MUSIC, INC.,           *
                                          *
                    Defendant.            *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF SHAWN F. VINCENT

I, Shawn F. Vincent, of Austin, Texas, being duly sworn, under oath and under the pains and penalties of perjury give the following Affidavit. These statements are made upon my personal knowledge and are true and correct and to the extent that they are based upon belief and/or understanding, then I believe them to be true and correct as stated.

1. ]     I am an adult being over the age of eighteen [18] years of age.

2. ]     I reside at 18116 Painted Horse Cove, in Austin, Texas.

3. ]     I was a student enrolled at the Defendant's, Berklee College of Music, Inc., school.

4. ]     I shared a room with the Plaintiff, Samer I. Bakri, at the Defendant's residence hall, which is located at 160 Massachusetts Avenue, in Boston, Suffolk County, Massachusetts 02115, during the 2017 Fall Term.

5. ]     On or about November 4, 2017, I entered the room that I shared with the Plaintiff.

**AFFIDAVIT**

Page # 2

6. ]    When I entered the room I noticed three individuals in the room including the Plaintiff, Jane Doe [identity withheld], and    Witness 1    .

7. ]    At that time I entered the room, Jane Doe was under the covers of the Plaintiff's bed.

8. ]    As I entered the room    Witness 1    was arguing with the Plaintiff.

9. ]        Witness 1    subsequently made insulting comments to the Plaintiff.

10. ]   After the Plaintiff responded to those comments    Witness 1    left the room.

11. ]   As I was preparing to go to sleep, I noticed that Jane Doe had initiated an escalation of sexual activity by moving her body on top of the Plaintiff and the two continued in that escalated sexual activity.

12. ]   I did not hear or see any indication that Jane Doe inquired with the Plaintiff if he had consented to that escalation of sexual activity.

13. ]   · I did not hear or see any indication that the Plaintiff affirmatively consented to that escalation of sexual activity.

14. ]   During the following morning when Jane Doe noticed that I was in the room she informed me that she did want me to tell anyone that she and the Plaintiff had engaged in sexual activity.

15. ]   During the Defendant's subsquent "investigation" of the sexual activity, I was asked only cursory questions which included what time I had arrived at the room, who was in the room and who was on top during the sexual activity.

Signed and sealed under oath and under the pains and penalties of perjury on the date stated herein below.



**AFFIDAVIT**

Page # 3

By:   Shawn F. Vincent,

Date:   November 28      ,2018

Respectfully submitted,
Samer I. Bakri
By His Attorneys,

Joseph S. Provanzano, Esquire
BBO # 407400
John M. Lim, Esquire
BBO # 693180
**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA 01960-1545

Tel.   : [978] 535 - 8222
E-mail : JP@JoeProLaw.com
          JL@JoeProLaw.com
File no.: P09-3158

**AFFIDAVIT**

# NOTIFY

NOTICE IN HAND
03.20.19
H.R.W.

(RAT)

3

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                         SUPERIOR COURT

---

SAMER I. BAKRI,

        Plaintiff,

v.                                                  Civil Action No. 1984-cv-00632

BERKLEE COLLEGE OF MUSIC, INC.,

        Defendant.

---

## DEFENDANT'S *EMERGENCY* ASSENTED MOTION
## FOR ORDER OF IMPOUNDMENT

### I.    INTRODUCTION

Defendant Berklee College of Music, Inc. ("Berklee" or the "College") respectfully moves, pursuant to Rule 2 of the Uniform Rules of Impoundment Procedure, for an order impounding references contained in Plaintiff Samer I. Bakri's ("Plaintiff") Verified Complaint to certain individuals by first and last name initials and/or by full name. On March 19, 2019, the undersigned counsel to Berklee and Plaintiff's counsel conferred by phone regarding this Motion, and on March 20, 2019, Plaintiff's counsel provided his assent hereto.

### II.    BASIS FOR IMPOUNDMENT

Plaintiff's Verified Complaint alleges that on March 6, 2018, Berklee suspended him from his studies at the College in response to a finding that he violated the College's Non-Discrimination, Harassment and Sexual Misconduct Equity Policy and Process (the "Equity Policy"). (Complaint, ¶¶8, 11, 26). Specifically, Plaintiff alleges that the College conducted an Equity Policy investigation, which resulted in a finding that he was responsible for "non-consensual sexual contact" and "nonconsensual sexual intercourse" with a female student

(Complaint, ¶12) ("Jane Doe").[1]  The Verified Complaint identifies Jane Doe by the first letters of her first and last name.  (Complaint, ¶¶9, 10, 13, 15(c), 16, 18, and 35).

In support of the Verified Complaint, Plaintiff filed the Affidavit of Shawn F. Vincent (the "Vincent Aff."). In his Affidavit, Mr. Vincent identifies Jane Doe by her initials. (Vincent Aff., ¶¶6, 7, 11, 12, and 14). Mr. Vincent also identifies, by full name, a witness who participated in the Equity Policy investigation ("Witness 1"). (Vincent Aff., ¶¶6, 8, 9, and 10).

Neither Jane Doe nor Witness 1 are parties to this litigation, and both are currently enrolled undergraduate students at the College. Jane Doe's initials and Witness 1's name are uncommon, and the College's undergraduate population is relatively small.

Maintenance of Jane Doe's and Witness 1's identities as confidential is of critical importance. As a threshold matter, Berklee endeavors to comply with all applicable federal and state laws and regulations concerning student privacy, and it deeply respects the privacy rights and concerns of its students and their families. To the extent it is able to help protect Jane Doe and Witness 1 from involuntary disclosure of their identities in this litigation, the College feels compelled to do so.

Moreover, the College relies on the trust of its community in its efforts to address allegations of sexual misconduct. Of paramount importance to that trust is the expectation of confidentiality by equity process parties and participants. Involuntary disclosure of the identity of a party to an investigation or a participating witness, whether through reference to initials or full names contained in a publicly available filing, potentially jeopardizes the strength of the College/community trust and risks creation of a chilling effect on reporting of equity concerns and cooperation in investigations.

---

[1]     The Verified Complaint does not use the pseudonym "Jane Doe." Rather, Berklee uses that term herein for ease of reading.

It is entirely foreseeable that members of the public may view the information contained in the Verified Complaint and connect that information with Jane Doe and/or Witness 1, particularly in a community as small as Berklee's, and given the specificity of allegations concerning Jane Doe and Witness 1. As a result, Berklee is gravely concerned that there is a real risk to Jane Doe and Witness 1 that their identities will be discovered in the absence of an impoundment order. Should that happen, Jane Doe and Witness 1 likely will face unwarranted intrusions upon their privacy, and the College's efforts to encourage reporting and process participation are subject to interference.

In bringing this Motion, Berklee does not seek to prevent the Verified Complaint from appearing in the Court's publicly available file. Indeed, the College very much appreciates the law's preference for open access to Court proceedings. Rather, Berklee seeks only to impound specific references to Jane Doe's initials and Witness 1's name contained in the Verified Complaint and Vincent Affidavit as set forth in Exhibits 1 and 2 hereto (which contain proposed replacements for the public docket).

### III.   CONCLUSION

For the foregoing reasons, all of which are supported in the accompanying Affidavit of John T. Graff, Berklee respectfully requests an order:

(a) Impounding, until further order of the Court, all references to Jane Doe's initials contained the Verified Complaint, as proposed in Exhibit 1;

(b) Impounding, until further order of the Court, all references to Jane Doe's initials and Witness 1's name contained in the Vincent Affidavit, as proposed in Exhibit 2;

3

(c) Replacing the Verified Complaint and Vincent Affidavit, currently accessible
in the Court's publicly available file, with Exhibits 1 and 2; and

(d) That the impoundment period shall last until the final disposition of this case,
including any appeal.

Respectfully submitted,

**BERKLEE COLLEGE OF MUSIC, INC.,**

By its Attorneys,

John T. Graff (BBO No. 664825)
*jgraff@hrwlawyers.com*
Alexandra A. Mitropoulos (BBO No. 693753)
*amitropoulos@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
(617) 348-4300

Dated: March 20, 2019

Assented:
**SAMIR I. BAKRI**

By his Attorneys,

Joseph S. Provanzano (BBO No. 407400)
*jp@joeprolaw.com*
John M. Lim (BBO No. 693180)
*jl@joeprolaw.com*
Law Offices of Joseph Provanzano
16 Bourbon Street, Suite C
Peabody, MA 01960
(978) 535-8222

## CERTIFICATE OF SERVICE

I hereby certify that the above document has been served upon counsel of record for
Plaintiff by e-mail on March 20, 2019.

John T. Graff (BBO No. 664825)

4

# <u>EXHIBIT 1</u>

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                   SUPERIOR COURT
                                               CIVIL ACTION
                                               DOCKET NUMBER
                                               SuCV201989 CV06 6326

```
**********************************
SAMER I. BAKRI,                      *
                                     *
                      Plaintiff,     *
                                     *
         -- vs. --                   *
                                     *
BERKLEE COLLEGE OF MUSIC, INC.,      *
                                     *
                      Defendant.     *
**********************************
```

## VERIFIED COMPLAINT

### DEMAND FOR TRIAL BY JURY IN THE SUPERIOR COURT
### DEMAND FOR TRIAL BY JURY IN THE DISTRICT COURT
### DEMAND FOR TRIAL BY JURY OF SIX IN THE DISTRICT COURT

### COUNT I
### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. ]    This is an action for Preliminary Injunction, a Permanent Injunction and Damages all arising from the Defendant's, Berklee College of Music, Inc.'s, wrongful suspension of the Plaintiff from his education, which resulted from the application of a flawed "disciplinary procedures", which were in violation of the College's Rules and Policies, the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, herein after " Title IX," and its implementing regulation, at 34 C.F.R. 106, which violated the civil rights of the Plaintiff, were unfair and applied unevenly, which were conducted unfairly and which violated the principles of due process, the rights of the Plaintiff and fundamental fairness.

2. ]    The Plaintiff, Samer I. Bakri, is an adult individual, who, before his expulsion,

LAW OFFICES OF
JOSEPH S. PROVANZANO

Friday, October 19, 2018
Page 2

was residing at the Berklee College of Music, Inc.'s residence hall, which is located at 160

Massachusetts Avenue, in Boston, Suffolk County, Massachusetts 02115 and who currently

resides at 2125 Westinghouse Street, Unit 145, in San Diego, California.

3. ]     The Defendant, Berklee College of Music, Inc., is a private, non-profit college

located at 1140 Boylston Street, in Boston, Suffolk County, Massachusetts 02215.

4. ]     The Plaintiff, at all times relevant, was a full time student at the Defendant's

school, until his suspension, which was effective on March 6, 2018. The Plaintiff attempted to

have this suspension reversed and after exhausting all possibly remedies now seeks relief from

this Court.

5. ]     This Court has jurisdiction over the Defendant as it does business in this

Commonwealth within Suffolk County.

6. ]     Venue is proper in this Court, pursuant to Massachusetts General Laws, Chapter

223, Section 1 and Section 8, as the Defendant's principal place of business is in Suffolk County,

Massachusetts.

7. ]     Established in 1954, the Defendant is a private, non-profit school granting

undergraduate and graduate degrees.

8. ]     The Plaintiff, at all times relevant, was a full time student at the Defendant's

school from September of 2017, until his suspension, on March 6, 2018. The Plaintiff expended a

large amount of money in pursing his education which was thwarted by the actions of the

Defendant, causing the Plaintiff to lose the ability to pursue his education and receive the higher

earnings that said education would give to him.

9. ]     In early November of 2017, the Plaintiff and another student at the Defendant's

school, identified as a female named Jane Doe [identity withheld], had consensual sexual contact.

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 3

They were both of the age to grant consent.

10. ]    The Plaintiff maintains that ▮Jane Doe▮ initiated contact and that she gave consent to the Plaintiff to engage in sexual relations with her, which resulted in, ▮Jane Doe▮ and the Plaintiff engaging in sexual relations.

11. ]    Due to alleged rumors from people who did not witness said sexual relations, without local or state police involvement, the Defendant conducted an "investigation," which did not take into account all relevant and available information and which unfairly resulted in the Plaintiff's suspension from the Defendant's school for, at least, two [2] calendar years, after which he could request reinstatement, but said reinstatement would not be guaranteed. This results in the Plaintiff not being able to engage in his career and earn money for, at least, two [2] years. Thus, he would lose the last two [2] years of his working career, when his earnings would be at their highest.

12. ]    According to a letter sent to the Plaintiff, from Ms. Kelly Smolinsky, Deputy for Equity Investigations, for the Defendant, dated February 13, 2018, the basis for the Plaintiff's suspension was that findings were made indicating that he was found "responsible" for "non-consensual sexual contact" and "non-consensual sexual intercourse."

13. ]    There were no findings of force being used or any method to induce ▮Jane Doe▮ to engage unwillingly into sexual relations with the Plaintiff.

14. ]    In order to enhance, repair, and/or protect the Defendant's public relations reputation and image that was damaged by the article published in the Boston Globe newspaper, on or about November 08, 2017, entitled "Berklee let teachers quietly leave after alleged sex abuse, and pushed students for silence", that reported the fact that since the year 2004 at least 11 of the Defendant's faculty members were terminated by the Defendant due to sexual misconduct

LAW OFFICES OF
JOSEPH S. PROVANZANO

Friday, October 19, 2018
Page 4

including sexual harassment and sexual assault, the Defendant selectively chose testimony that

bolstered the Defendant's predetermined conclusion regarding finding the Plaintiff "responsible"

for "non-consensual sexual contact" and "non-consensual sexual intercourse", and ignored and/or

unfairly disregarded the testimony of the witnesses available that confirmed that said sexual

relations were consensual, including the testimony of the sole witness of said sexual relations,

Mr. Shawn F. Vincent, the Plaintiff's roommate in the residence hall where said sexual relations

occurred who was present in the room at the time of said sexual relations. See the **<u>AFFIDAVIT</u>**

**<u>OF SHAWN F. VINCENT</u>**, which is attached hereto and incorporated herein by reference

thereto, as if stated here in full.

15. ]    The sanctions imposed on the Plaintiff, as a result of the findings, include:

a. ]    Disciplinary Suspension for two [2] years before the Plaintiff is

allowed to request reinstatement at the College which is not guaranteed;

b. ]    Disciplinary Probation through the end of the Spring 2021 term;

c. ]    No Contact Order between the Plaintiff and Jane Doe;

d. ]    Residence Hall Restriction prohibiting the Plaintiff from living in

College-owned residence halls; and

e. ]    Proof of Good Standing from other schools if the Plaintiff attends

others schools during the time between his suspension and his potential request

for reinstatement to the College.

16. ]    The allegation against the Plaintiff was that he had sexual intercourse with Jane Doe

without effective consent, which is disputed.

17. ]    There were no allegations of coercion or force or injury and no police were called

after the sexual contact and sexual intercourse.

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 5

18. ]   During the "investigation," the Plaintiff was denied the opportunity to confront,

cross-examine, and present evidence to refresh the memory of any witness including Jane Doe

Further the Plaintiff was initially not allowed to provide witnesses for his defense.

19. ]   The Plaintiff was suspended after completing the 2017 Fall Term at the College

and since that date has been prohibited from obtaining his school file suitable for filing with this

Court.

20. ]   The Plaintiff, or others on his behalf, paid tuition and fees to the Defendant,

totaling approximately $ 36,255.88 for the 2017 Fall Term.

21. ]   The Defendant has sent a balance statement to the Plaintiff for $ 17,700.00 for the

2018 Spring Term and correspondence indicating that the Defendant intends to send the matter to

an external collection agency if payment is not made.

22. ]   A suspension for "sexual misconduct" on his academic record has the likely result

of prohibiting the Plaintiff from enrolling at another institution of comparable quality in order to

earn his undergraduate degree and then from gaining meaningful employment.

23. ]   The Plaintiff has lost his opportunity to secure a timely education, to obtain

meaningful employment, and will result in a loss of earnings for the last two [2] years of the

Plaintiff's career, which would be afforded to him if he were able to obtain an undergraduate

degree timely from the Defendant or another institution of comparable quality. And even if he

were to be reinstated to the Defendant's school, after a two [2] year suspension, he would have

lost the opportunity to secure employment and wages that would be afforded to him if he were

able to obtain an undergraduate degree from the College for the two [2] years prior to his

potential reinstatement. As a result, Mr. Bakri faces catastrophic present and future economic

loss.

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 6

## COUNT II
## VIOLATION OF FIFTH [5TH] AND FOURTEENTH [14TH] AMENDMENTS OF THE UNITED STATES CONSTITUTION, ARTICLES I, VI, VII, AND X OF THE MASSACHUSETTS DECLARATION OF RIGHTS, AND ARTICLE CVI OF THE MASSACHUSETTS CONSTITUTION

24. ]   The Plaintiff repeats and states here the paragraphs above as if stated here in full.

25. ]   By the conduct alleged herein, the Defendant have subjected the Plaintiff to illegal bias and discrimination for no other reason than that he is a male in violation of the rights afforded to the Plaintiff under the Fifth [5th] and Fourteenth [14th] Amendments of the United States Constitution, Articles I, VI, VII, and X of the Massachusetts Declaration of Rights, and Article CVI of the Massachusetts Constitution.

26. ]   As set forth in Equity Policy, and as enforced in the Plaintiff's case, the Defendant imposes a form of strict liability on male students: if a male and female student are both engaged in sexual activity, the male student could face sanctions, including disciplinary suspension, for violation of the policy without any evidence of coercion, manipulation, force or any other additional culpable behavior. Thus, female students are treated differently than male students, based solely on their sex.

27. ]   On information and belief, the sexual misconduct policies set forth in the Equity Policy appear to be enforced only against male students at the Defendant's school.

## COUNT III
## VIOLATION OF 20 U.S.C. § 1681 [TITLE IX]

28. ]   The Plaintiff repeats and states here the paragraphs above as if stated here in full.

29. ]   Title IX states in pertinent, part: "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..."

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 7

20 U.S.C. § 1681(a).

30. ]   The College receives federal funding under Title IX, 20 U.S.C. §§ 1681-1688.

31. ]   As a Title IX recipient, the College is required to comply with the requirements of Title IX as well as those of the regulations promulgated thereunder by the Department of Education.

32. ]   These regulations require each school receiving Title IX funds to "adopt and publish grievance procedures providing for the **prompt and equitable** resolution of student ... complaints alleging any action which would be prohibited by Title IX or its regulations." 34 C.F.R. 106.8. [emphasis added].

33. ]   The regulations further require that "a school's procedures must accord **due process to both parties** involved..." [emphasis added]. See Title IX (2001) "Revised Sexual Harassment Guidance" at 22 (notice of publication at 66 Fed. Reg. 5512, January 19, 2001).

34. ]   The College's disciplinary policies, as written and as implemented in the Plaintiff's case are not equitable and do not accord due process to the accused.

35. ]   On information and belief, ▉▉▉▉ was not the individual whose allegations compelled the Defendant to conduct the "investigation."

36. ]   On information and belief, the Plaintiff was not afforded the opportunity to confront and cross-examine the individual whose allegations compelled the Defendant to conduct the "investigation" or present evidence to refresh the memory of the individual whose allegations compelled the Defendant to conduct the "investigation."

37. ]   On information and belief, the fundamental unfairness that imbued the Plaintiff's disciplinary process, as well as the erroneous outcome, are part of a pattern of decision-making that discriminates against male students accused of sexual misconduct.

**LAW OFFICES OF
JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 8

38. ]    In addition, the sexual misconduct policy at issue, both as written and as enforced

against the Plaintiff, imposes an unequal burden on male and female students for the same

behavior: engaging in sexual activity.

39. ]    As a result of the Defendant's enforcement of this policy and its failure to comply

with the other requirements under Title IX with respect to its disciplinary procedures, the

Plaintiff has been denied the benefits of the College's educational program in violation of Title

IX.

## COUNT IV
## BREACH OF CONTRACT

40; ]    The Plaintiff repeats and states here the paragraphs above as if stated here in full.

41. ]    The Plaintiff and the Defendant had a contractual relationship, either express or

implied. Such contract was formed on the one hand by the Plaintiff's payment, or payment made

on his behalf, of tuition and fees to the Defendant and on the other, by the terms contained in the

Equity Policy, the Policy Handbook for Students, the Registration Manual, and other Defendant

materials and said terms would be in compliance with all applicable state and federal laws

including Title IX, the Fifth [5th] and Fourteenth [14th] Amendments of the United States

Constitution, Articles I, VI, VII, and X of the Massachusetts Declaration of Rights, and Article

CVI of the Massachusetts Constitution.

42. ]    The Plaintiff had a reasonable expectation that the Defendant would adhere to the

terms of such contracts, treat him fairly and with due process, in part, as contained in the

disciplinary procedures as stated in the Equity Policy and other Defendant materials.

43. ]    The Plaintiff further had a reasonable expectation that the Defendant's stated

procedures would comply with the requirement under the Title IX regulations to provide an

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 9

equitable process for adjudicating claims of sexual misconduct and to ensure due process to both

the accuser and the accused.

44. ]   On information and belief, the Defendant through its policy deprived the Plaintiff

of the opportunity to confront and cross-examine witnesses whose statements were part of the

record that was used as the basis for the finding that the Plaintiff was responsible for sexual

misconduct and subsequent imposition of sanctions including suspension from the Defendant or

otherwise defend himself.

45. ]   The Defendant's procedural violations, acts and omissions as described herein

rendered the proceedings unfair, contravening the specific Equity Policy provision stating that the

"investigation will be thorough, impartial, and fair."

46. ]   Such failures combined to cause the Plaintiff significant prejudice in that he was

denied an evenhanded assessment of the facts, resulting in his suspension, a demand from the

Defendant for payment of $17,700.00 for the 2018 Spring Term, and additional economic loss

due to his loss of an opportunity to secure employment and wages that would be afforded to him

if he were able to obtain an undergraduate degree from the Defendant or another institution of

comparable quality.

## COUNT V
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

47. ]   The Plaintiff repeats and states here the paragraphs above as if stated here in full.

48. ]   Massachusetts law recognizes an implied covenant of good faith and fair dealing

in all contracts, either express or implied.

49. ]   By the conduct alleged herein, the Defendant has breached the implied covenant

of good faith and fair dealing, and caused harm to the Plaintiff.

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 10

## COUNT VI
## UNJUST ENRICHMENT

50. ]   The Plaintiff repeats and states here the paragraphs above as if stated here in full.

51. ]   In the alternative, should this Court find no remedy at law available to the Plaintiff, the Plaintiff pleads Unjust Enrichment.

52. ]   The Defendant received a substantial monetary benefit, approximately in the sum of $ 36,255.88 in the form of the 2017 Fall Term's tuition and fees paid in full by the Plaintiff or on his behalf before disciplinary proceedings commenced and the Defendant is also seeking additional monetary benefit in the form of demanding payment of $ 17,700.00 for the 2018 Spring Term's tuition and fees.

53. ]   As set forth above, due to gross and numerous violations of its disciplinary procedures within its Equity Policy, the process by which the Defendant found the Plaintiff responsible for the alleged acts was inherently flawed and fundamentally unfair, causing the Plaintiff significant prejudice.

54. ]   As a result, the Plaintiff is left without the ability to earn a diploma and degree at the Defendant or any other institution of comparable quality.

55. ]   For the reasons set forth herein, under the circumstances it would be inequitable for the Defendant to retain the tuition it has received from the Plaintiff.

**WHEREFORE**, the Plaintiff requests that the Court:

i. ]   Enjoin the Defendant from enforcing its order of sanctions including Disciplinary Suspension for two years, Disciplinary Probation through the end of the spring 2021 term, No Contact Order, Residence Hall Restriction, and Proof of Good Standing;

ii. ]   Order the Defendant to reinstate the Plaintiff as a student in good standing;

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Friday, October 19, 2018
Page 11

iii. ]    Order the Defendant to rescind its decision finding the Plaintiff "responsible" for

"non-consensual sexual contact" and "non-consensual sexual intercourse;"

iv. ]    Order the Defendant to expunge or otherwise seal the Plaintiff's academic record

of its decision finding the Plaintiff "responsible" for "non-consensual sexual contact" and

"non-consensual sexual intercourse."

v. ]    Order the Defendant to change its policies to be in compliance with all applicable

state and federal laws including Title IX, the Fifth [5th] and Fourteenth [14th] Amendments of

the United States Constitution, Articles I, VI, VII, and X of the Massachusetts Declaration of

Rights, and Article CVI of the Massachusetts Constitution.

vi. ]    Award damages for the harm to the Plaintiff arising from the Defendant's

improper conduct including the costs of relocating from the Defendant's residence halls.

vii.]    Award such other legal or equitable relief as may be appropriate to the Plaintiff.

Respectfully submitted,
Samer I. Bakri,
By His Attorneys,

Joseph S. Provanzano, Esquire
BBO # 407400
John M. Lim, Esquire
BBO # 693180
**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody,  MA  01960-1545

Telephone.    : [978] 535 - 8222
Date            : Friday, October 19, 2018
File            : P09-3158
Email          : JP@JOEPROLAW.com
                    JL@JOEPROLAW.com

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

## **VERIFICATION**

I, Samer I. Bakri, am the Plaintiff in the above action and I hereby state under the pains and penalties of perjury that I have read the Verified Complaint to which this Verification is attached and that the factual statements made therein are personally known to me as they are stated and that they are true and correct and to the extent that any fact is stated to be based upon a belief and/or an understanding that I reasonably believe each such fact to be true and correct as stated. Signed and sealed under oath as of thisFriday, October 19, 2018 by:

Samer I. Bakri

# **EXHIBIT 2**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NUMBER
_____

```
**********************************
SAMER I. BAKRI,                   *
                                  *
                 Plaintiff,       *
                                  *
      -- vs. --                   *
                                  *
BERKLEE COLLEGE OF MUSIC, INC.,   *
                                  *
                 Defendant.       *
**********************************
```

## AFFIDAVIT OF SHAWN F. VINCENT

I, Shawn F. Vincent, of Austin, Texas, being duly sworn, under oath and under the pains and penalties of perjury give the following Affidavit. These statements are made upon my personal knowledge and are true and correct and to the extent that they are based upon belief and/or understanding, then I believe them to be true and correct as stated.

1. ]   I am an adult being over the age of eighteen [18] years of age.

2. ]   I reside at 18116 Painted Horse Cove, in Austin, Texas.

3. ]   I was a student enrolled at the Defendant's, Berklee College of Music, Inc., school.

4. ]   I shared a room with the Plaintiff, Samer I. Bakri, at the Defendant's residence hall, which is located at 160 Massachusetts Avenue, in Boston, Suffolk County, Massachusetts 02115, during the 2017 Fall Term.

5. ]   On or about November 4, 2017, I entered the room that I shared with the Plaintiff.

**AFFIDAVIT**

Page # 2

6. ]    When I entered the room I noticed three individuals in the room including the Plaintiff, ▮Jane Doe▮ [identity withheld], and ▮ Witness 1 ▮.

7. ]    At that time I entered the room, ▮Jane Doe▮ was under the covers of the Plaintiff's bed.

8. ]    As I entered the room ▮ Witness 1 ▮ was arguing with the Plaintiff.

9. ]    ▮ Witness 1 ▮ subsequently made insulting comments to the Plaintiff.

10. ]    After the Plaintiff responded to those comments ▮ Witness 1 ▮ left the room.

11. ]    As I was preparing to go to sleep, I noticed that ▮Jane Doe▮ had initiated an escalation of sexual activity by moving her body on top of the Plaintiff and the two continued in that escalated sexual activity.

12. ]    I did not hear or see any indication that ▮Jane Doe▮ inquired with the Plaintiff if he had consented to that escalation of sexual activity.

13. ]    I did not hear or see any indication that the Plaintiff affirmatively consented to that escalation of sexual activity.

14. ]    During the following morning when ▮Jane Doe▮ noticed that I was in the room she informed me that she did want me to tell anyone that she and the Plaintiff had engaged in sexual activity.

15. ]    During the Defendant's subsquent "investigation" of the sexual activity, I was asked only cursory questions which included what time I had arrived at the room, who was in the room and who was on top during the sexual activity.

Signed and sealed under oath and under the pains and penalties of perjury on the date stated herein below.

**AFFIDAVIT**



Page # 3

By:   Shawn F. Vincent,

Date:   November 28          ,2018

Respectfully submitted,
Samer I. Bakri
By His Attorneys,

Joseph S. Provanzano, Esquire
BBO # 407400
John M. Lim, Esquire
BBO # 693180
**LAW OFFICES OF
JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA, 01960-1545

Tel.    : [978] 535 - 8222
E-mail : JP@JoeProLaw.com
          JL@JoeProLaw.com
File no.: P09-3158

**AFFIDAVIT**

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT

SAMER I. BAKRI,

               Plaintiff,

vs.                                                  Civil Action No. 1984-cv-00632

BERKLEE COLLEGE OF MUSIC, INC.,

               Defendant.

### AFFIDAVIT OF JOHN T. GRAFF IN SUPPORT OF DEFENDANT'S *EMERGENCY* ASSENTED MOTION FOR ORDER OF IMPOUNDMENT

I, John T. Graff, hereby depose and state the following under oath:

1.      I am a partner in the law firm of Hirsch Roberts Weinstein LLP in Boston, Massachusetts, and I am litigation counsel to Defendant Berklee College of Music, Inc. ("Berklee" or the "College") in the above-captioned action.

2.      I am now, and have been since the date of my admission to practice law, a member of the Bar of the Commonwealth in good standing.

3.      I submit this Affidavit in support of Berklee's *Emergency* Assented Motion for Order of Impoundment. This Affidavit sets forth facts known to me personally, unless expressly stated otherwise.

4.      Plaintiff's Verified Complaint alleges that on March 6, 2018, Berklee suspended him from his studies at the College in response to a finding that he violated the College's Non-Discrimination, Harassment and Sexual Misconduct Equity Policy and Process (the "Equity Policy"). (Complaint, ¶¶8, 11, 26).

5.      Specifically, Plaintiff alleges that the College conducted an Equity Policy

investigation, which resulted in a finding that he was responsible for "nonconsensual sexual

contact" and "nonconsensual sexual intercourse" with a female student (Complaint, ¶12) ("Jane

Doe").[1]  The Verified Complaint identifies Jane Doe by the first letters of her first and last name.

(Complaint, ¶¶9, 10, 13, 15(c), 16, 18, and 35).

6.      In support of his Verified Complaint, Plaintiff filed the Affidavit of Shawn F.

Vincent (the "Vincent Aff.").  In his Affidavit, Mr. Vincent identifies Jane Doe by her initials.

(Vincent Aff., ¶¶6, 7, 11, 12, and 14).  Mr. Vincent also identifies, by full name, a witness who

participated in the Equity Policy investigation ("Witness 1").  (Vincent Aff., ¶¶6, 8, 9, and 10).

7.      Neither Jane Doe nor Witness 1 are parties to this litigation, and both are currently

enrolled undergraduate students at the College.  Jane Doe's initials and Witness 1's name are,

upon information and belief, uncommon, and the College's undergraduate population is

relatively small.

8.      Maintenance of Jane Doe's and Witness 1's identities as confidential is of critical

importance to Berklee.  Berklee endeavors to comply with all applicable federal and state laws

and regulations concerning student privacy, and it deeply respects the privacy rights and

concerns of its students and their families.  To the extent it is able to help protect Jane Doe and

Witness 1 from involuntary disclosure of their identities in this litigation, the College feels

compelled to do so.

9.      Moreover, the College relies on the trust of its community in its efforts to address

allegations of sexual misconduct.  Of paramount importance to that trust is the expectation of

confidentiality by equity process parties and participants.

10.     Involuntary disclosure of the identity of a party to an investigation or a

participating witness, whether through reference to initials or full names contained in a publicly

---

[1]      The Verified Complaint does not use the pseudonym "Jane Doe." Rather, I have used that term herein for
ease of reading.

available filing, potentially jeopardizes the strength of the College/community trust and risks creation of a chilling effect on reporting of equity concerns and cooperation in investigations.

11.     It is entirely foreseeable that members of the public may view the information contained in the Verified Complaint and connect that information with Jane Doe and/or Witness 1, particularly in a community as small as Berklee's, and given the specificity of allegations concerning Jane Doe and Witness 1.

12.     As a result, Berklee is gravely concerned that there is a real risk to Jane Doe and Witness 1 that their identities will be discovered in the absence of an impoundment order. Should that happen, Jane Doe and Witness 1 likely will face unwarranted intrusions upon their privacy, and the College's efforts to encourage reporting and process participation are subject to interference.

13.     Berklee does not seek to prevent the Verified Complaint from appearing in the Court's publicly available file, and the College very much appreciates the law's preference for open access to Court proceedings.

14.     Berklee seeks only to impound specific references to Jane Doe's initials and Witness 1's name contained in the Verified Complaint and Vincent Affidavit as set forth in Exhibits 1 and 2 to Berklee's Motion (which contain proposed replacements for the public docket).


Signed under the pains and penalties of perjury on this 20th day of March, 2019.


John T. Graff

## CERTIFICATE OF SERVICE

I, John T. Graff, hereby certify that the above document has been served upon counsel of record for Plaintiff by e-mail on March 20, 2019.

John T. Graff (BBO No. 664825)

*NOTICE IN HAND*
*03.20.19*
*H.R.W -*

*(AD)*

# NOTIFY

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT

| |
|---|
| SAMER I. BAKRI, |
|               Plaintiff, |
| |
| v. |
| |
| BERKLEE COLLEGE OF MUSIC, INC., |
| |
|               Defendant. |

Civil Action No. 1984-cv-00632

## [PROPOSED] FINDINGS AND ORDER OF IMPOUNDMENT

Upon good cause shown, and after consideration of Defendant Berklee College of Music, Inc.'s ("Berklee" or the "College") *Emergency* Assented Motion for Order of Impoundment, the supporting Affidavit of John T. Graff, and all other papers and proceedings herein, the Court hereby finds that the following facts provide good cause for impoundment:

1.      Plaintiff's Verified Complaint and the supporting Affidavit of Shawn F. Vincent (the "Vincent Affidavit") contain the initials of a Berklee student who was allegedly party to a College equity process investigation ("Jane Doe") concerning allegations that Plaintiff engaged in "nonconsensual sexual contact" and "nonconsensual sexual intercourse" with Jane Doe.

2.      The Vincent Affidavit contains the full name of an alleged witness in the College's equity process investigation ("Witness 1").

3.      Neither Jane Doe nor Witness 1 are parties to this litigation, and both are currently enrolled undergraduate students at Berklee.

4.      There is an apparent risk to both Jane Doe and Witness 1 that, in the absence of an impoundment order removing Jane Doe's initials from the Verified Complaint and Vincent

Affidavit, and removing Witness 1's name from the Vincent Affidavit, their identities will become discoverable to the general public.

5.      In the event of such disclosure, Jane Doe and Witness 1 face the possibility of intrusions upon their privacy with respect to their participation in a confidential process intended to address equity concerns on campus.

Accordingly, it is hereby **ORDERED** that:

a.   Until further order of the Court, all references to Jane Doe's initials contained in the Verified Complaint are hereby impounded, as proposed in Exhibit 1 to Defendant's Motion;

b.   Until further order of the Court, all references to Jane Doe's initials and Witness 1's name contained in the Vincent Affidavit are hereby impounded, as proposed in Exhibit 2 to Defendant's Motion;

c.   The Verified Complaint and Vincent Affidavit, currently accessible in the Court's publicly available file, shall be replaced with Exhibits 1 and 2 to Defendant's Motion; and

d.   The impoundment period shall last until the final disposition of this case, including any appeal.


SO ORDERED on this 20th day of March, 2019.


Honorable Karen Green   Robert B. Gordon

2