UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMER I. BAKRI<br><br>                    Plaintiff,<br><br>vs.<br><br>BERKLEE COLLEGE OF MUSIC, INC.,<br><br>                    Defendant. | Civil Action No. 1:19-cv-10621-WGY |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL AND FOR
THE AWARD OF REASONABLE EXPENSES**

It is a basic principle that, having initiated a lawsuit, a plaintiff cannot simply decline to respond to a defendant's legitimate discovery requests. And, yet, that is precisely the tactic that counsel for Plaintiff Samer Bakri ("Plaintiff" or "Bakri") has chosen in this litigation. Counsel for Defendant Berklee College of Music, Inc. ("Defendant," "Berklee," or the "College") has attempted to resolve the discovery deficiencies set forth below by requesting on multiple occasions to confer with Plaintiff's counsel. Plaintiff's counsel has rebuffed these entreaties, leaving Berklee with no choice but to ask this Court to require Bakri to comply with his discovery obligations under the Federal Rules of Civil Procedure and this Court's Local Rules.

In this litigation, Bakri asks this Court to second-guess Berklee's determination that Bakri violated the College's Equity Policy and Process by engaging in non-consensual sexual intercourse and non-consensual sexual contact with another Berklee student who was incapacitated at the time. Berklee arrived at that conclusion, and accordingly sanctioned Bakri with a two-year suspension, only after a thorough investigation conducted by the College's Deputy for Equity Investigations. Bakri now seeks to overturn his suspension, wipe clean his

disciplinary history, and recover $164,955.88 in purported damages. His Verified Complaint

provides no concrete basis for his request that this Court take the extraordinary step of

intervening in the disciplinary decision of a private educational institution, but instead makes

broadly sweeping and unsupported accusations about the "fairness" of the investigation into his

misconduct.

As set forth in more detail below, Berklee has sought discovery from Bakri in order to

refute Bakri's claims and to gather information necessary to respond to his assertion of damages.

Plaintiff's counsel has responded by stonewalling -- refusing to confer with counsel for

Defendant and failing to produce even a single document in response to Berklee's requests for

production. Berklee now seeks this Court's intervention to ensure that it is able to obtain

discovery relevant to its defense, and to which it is entitled under the rules governing discovery.

## I.   **Brief Background**

Plaintiff began attending Berklee full-time in September 2017, as a third-year transfer

student. In early November 2017, two Berklee students informed a resident assistant about a

possible sexual assault that had occurred involving Plaintiff and a female Berklee student, Jane

Doe ("Doe"). Doe subsequently reported to Berklee that Plaintiff had sexually assaulted her and

requested that Berklee proceed with an investigation of her allegations under the College's

Equity Policy and Process (the "Equity Policy"). On November 13, 2017, Berklee issued a

Notice of Investigation to Plaintiff, informing him that he had been accused of violating the

Equity Policy by engaging in Non-Consensual Sexual Intercourse and/or Non-Consensual Sexual

Contact.

Berklee assigned the investigation of Doe's allegations against Plaintiff to Kelly

Smolinsky, the College's Deputy for Equity Investigations. In full compliance with the Equity

Policy, Ms. Smolinsky interviewed Plaintiff and Doe, as well as several witnesses. Based on the

preponderance of the evidence standard set forth in the Equity Policy, and taking into consideration the totality of the evidence presented by Plaintiff, Doe, and the other witnesses, Ms. Smolinsky found Plaintiff responsible for non-consensual sexual contact and non-consensual sexual intercourse. In reaching this decision, Ms. Smolinsky found that (1) it was more likely than not that Doe was incapacitated at the time of her encounter with Bakri and therefore could not consent to sexual contact with Plaintiff and (2) it was more likely than not that Plaintiff knew, or should have known, that Doe was incapacitated.

On February 13, 2018, Plaintiff and Doe were notified of the outcome of the investigation and the sanctions against Plaintiff, which included, among other restrictions, disciplinary suspension for two years (through the end of the spring 2020 term). Plaintiff subsequently appealed the decision, which was denied because it failed to meet the grounds for appeal under the Equity Policy.

On February 25, 2019, Plaintiff filed this litigation against Berklee (the "Litigation").[1] In the Litigation, Plaintiff lodges a variety of unfounded complaints related to Berklee's handling of the investigation of Doe's allegations. Plaintiff asserts, without substantiation, that the investigation was "conducted unfairly and . . . violated the principles of due process, the rights of the Plaintiff and fundamental fairness." Verified Complaint ¶ 1. Plaintiff charges the College with: (a) violations of the constitutions of the United States and the Commonwealth; (b) violation of Title IX of the Education Amendments Act of 1972 ("Title IX"); (c) Breach of Contract; (d) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (e) Unjust Enrichment.

---

[1]     Plaintiff initially filed this litigation in Massachusetts Superior Court. This litigation was removed to federal court on April 2, 2019. *See* Docket No. 1.

## II.     Procedural Background

### A.     Defendant Serves Discovery Requests.

On May 24, 2019, Defendant served by mail and email Defendant's First Set of Interrogatories (the "Interrogatories") and Defendant's First Request for Production of Documents and Things (the "Document Requests") (collectively the "Discovery Requests"). *See* Affidavit of Arielle B. Kristan in Support of Defendant's Motion to Compel and for the Award of Reasonable Expenses (hereinafter "Kristan Aff."), Ex. A (Interrogatories) and Ex. B (Document Requests). Accordingly, Plaintiff's responses to the Interrogatories and Document Requests were due on June 26, 2019. *See* Fed. R. Civ. P. 33, 34.

### B.     Plaintiff's Untimely and Deficient Responses to Discovery Requests.

On July 3, 2019, having received neither responses from Plaintiff to the Interrogatories and Document Requests nor a request for an extension, counsel for Defendant emailed Plaintiff's counsel, raising concerns about the timeliness of Defendant's responses to the Interrogatories and Document Requests. *See* Kristan Aff., Ex. C. Plaintiff's counsel responded by apologizing for the delay and stating that he would "insure [sic] that [his] office gets to it." *See id*. On July 10, 2019, having still received no response to the Interrogatories or Document Requests, counsel for Defendant again emailed Plaintiff's counsel. *See* Kristan Aff., Ex. D. Plaintiff's counsel responded that he had been on vacation and had come back to find that "signature pages were missing" but that he "[thought] [his] office put them in the mail." *See id*.

Five days later, on July 15, 2019, Plaintiff's counsel served by mail (without a copy by email) Plaintiff's Answers to Defendant's Interrogatories (the "Interrogatory Answers") and Plaintiff's Responses to Defendant's Request for Production of Documents (the "Responses to Document Requests"). *See* Kristan Aff., Ex. E (Interrogatory Answers) and Ex. F (Responses to

4

Document Requests). As such, the Interrogatory Answers and Responses to Document Requests were eighteen days late. *See* Fed. R. Civ. P. 33, 34.

As discussed in more detail below, the Interrogatory Answers and Responses to Document Requests are deeply deficient. Plaintiff asserted boilerplate objections to each and every request for documents, *and he did not produce a single document in connection with the Responses to Document Requests*. *See* Kristan Aff., Ex. F; *id*. at ¶ 6. In addition, in his Interrogatory Answers, Plaintiff failed to comply with Local Rule 26.5 in answering at least three interrogatories, and *he failed to provide any answer at all to Interrogatories 11 through 14*. *See id*. at Ex. E, pp. 9-12.

On July 26, 2019, Arielle B. Kristan, counsel for Defendant, sent via mail and email a letter to Plaintiff's counsel, Joseph S. Provanzano, detailing the deficiencies in the Interrogatory Answers and the Responses to Document Requests and requesting a conference to discuss such deficiencies (the "July 26 Letter"). *See* Kristan Aff., Ex. G. Ms. Kristan informed Mr. Provanzano that she would call him to attempt to resolve the issues set forth in the letter on July 30, 2019 at 2:00 p.m. *See id*. She then wrote, "If that time does not work for you, please propose a different time no later than July 31, 2019." *See id*.

Mr. Provanzano did not respond to the July 26 Letter, and he did not propose an alternative time to meet and confer. *See* Kristan Aff., ¶ 8. When Ms. Kristan called Mr. Provanzano's office on July 30, 2019, she was informed that Mr. Provanzano was out of the office but would have time for a phone call the next day (July 31, 2019). *See id*. at ¶ 8. Ms. Kristan emailed Mr. Provanzano, asking him to provide a time on July 31, 2019 when she could reach him to discuss the concerns set forth in the July 26 Letter. *See id*. at Ex. H, p. 5.

Mr. Provanzano did not respond to Ms. Kristan's email and did not otherwise call or email Ms. Kristan. *See* Kristan Aff., ¶ 9. Having received no response from Mr. Provanzano, on the morning of August 5, 2019, Ms. Kristan emailed Mr. Provanzano and informed him that she would again try to reach him at 4:00 p.m. on August 6, 2019. *See id*. at Ex. H, p. 4. Ms. Kristan wrote, "If that time does not work, please propose an alternative time before 5:00 p.m. on August 6." *See id*.

Mr. Provanzano replied to Ms. Kristan's email approximately an hour later, stating, in total, "I actually sent out your requests Friday to the client to supplement, with a letter to you to so advise." *See* Kristan Aff., Ex. H, p. 4. Ms. Kristan replied as follows:

> Thank you for letting me know. Unless your client intends to produce all documents responsive to Defendant's requests, in the form requested, and to respond in full to the interrogatories, we will still need to confer about the serious deficiencies outlined in my letter. In addition, we need to discuss the timing of the discovery responses, which are now significantly overdue. To that end, and in the interest of avoiding any further delay in discovery, I will still plan to call you at 4:00pm tomorrow [August 6, 2019]. If that time does not work for you, please propose an alternative time before 5:00pm tomorrow.

> Kristan Aff., Ex. H, p. 3.

Later that day, Ms. Kristan received a letter from Mr. Provanzano, dated August 2, 2019 (the "August 2 Letter"). *See* Kristan Aff., ¶ 10, Ex. I. In the August 2 Letter, Mr. Provanzano did not address Defendant's concerns about Plaintiff's objections to the Document Requests, but only denied that they were "boilerplate" objections and stated, "if the shoe fits, then I expect it will be worn and the requests seem to warrant such objections." *See id*. Mr. Provanzano then seemed to leave to his client the decision about whether to produce any documents in response to the Document Requests, writing in part as follows:

> [B]y copy hereof, I will ask for my Client to consider sharing anything and everything in his possession, but the decision is his alone to make. If you see this as not reasonable, then maybe we should ask Judge Young whether he adopts your position or mine.

> I will, in any case, request that he review his <u>Answers</u> to <u>Document Requests</u>, Numbered as **"53"** and **"62"**, so as to determine if he has anything to supplement his <u>Answers</u>.

> Kristan Aff., Ex. I, p. 2 (emphasis in original).

As to Defendant's request that Plaintiff supplement the Interrogatory Answers, Mr. Provanzano again left the decision to his client, writing as follows:

> Finally, I see that you would like my Client to review and possibly <u>Amend</u> his <u>Answers</u> to <u>Interrogatories</u>, Numbered **"4"**, **"8"**, **"9"**, "**11**", "**12**", and "**14**". Again, by copy hereof, I will certainly ask if he can do so and if so, that he do so in [20 days].

> Kristan Aff., Ex. I, p. 2 (emphasis in original).

As she had stated in her August 5, 2019 email, Ms. Kristan called Mr. Provanzano's office at 4:00 p.m. on August 6, 2019. *See* Kristan Aff., ¶ 11. Ms. Kristan was again informed that Mr. Provanzano was not available. *See id*. Ms. Kristan then emailed Mr. Provanzano, noting that she had tried to reach him by phone several times without success, and was therefore writing in an attempt to narrow the dispute between the parties and avoid motion practice if possible. *See id*. at Ex. H. Ms. Kristan wrote in part as follows:

> I was unable to determine from your August 2 letter whether your client has agreed to address the concerns set forth in my July 26 letter. It appears that you have left it up to him and, as you know, I cannot contact him directly. I therefore ask that you respond to the following questions on behalf of your client.

> • Will Mr. Bakri search for, and produce, all non-privileged documents (as defined in the document requests) in his possession, custody, and control that are responsive to Defendant's First Request for Production of Documents and Things? If so, will Mr. Bakri produce those documents pursuant to the requirements of Rule 34(b)(2)(E) and Instruction 16 of the document requests, which concerns electronically stored information?

> • Will Mr. Bakri amend his answers to Interrogatories 4, 8, 9 in compliance with Local Rule 26.5(c)(8)?

> • Will Mr. Bakri provide answers to Interrogatories 11 through 14 (which appear to have been inadvertently omitted from the original production)?

> • Will Mr. Bakri provide the documents and interrogatories described above by August 22, 2019 (20 days from your August 2 letter)?

Kristan Aff., Ex. H, pp. 1-2.

Ms. Kristan asked Mr. Provanzano to provide Plaintiff's position on the above questions by

August 8, 2019. *Id*. Ms. Kristan closed by stating, "If we do not receive assurance by then that

Mr. Bakri will comply with his discovery obligations, we will have to move forward with motion

practice." *Id*.

Mr. Provanzano replied to Ms. Kristan's email the next day. *See* Kristan Aff., Ex. H, p. 1.

Mr. Provanzano did not answer the questions posed by Ms. Kristan, writing only as follows:

> I will be in the office on Friday and will send your email to the client to see if he can do
> so. I cannot speak for whether or not he can find anything or everything sought, nor do I
> agree that it may even be discoverable. However, if we can produce it then obviously he
> will. I will expect the same of your client.

> *See id.*

Counsel for Defendant has received no further communications from Mr. Provanzano, and

neither Mr. Provanzano nor Plaintiff has supplemented the Interrogatories or produced any

documents in response to the Document Requests. *See* Kristan Aff., ¶ 12.

## C.    Pending Discovery Deadline and Deposition Schedule.

Non-expert fact discovery closes in this matter on October 25, 2019. *See* May 7, 2019

Order (Docket No. 13). In order to complete discovery within this timeframe, Defendant has

noticed the deposition of non-party witness Shawn Vincent for September 24, 2019 and the

deposition of Plaintiff for October 11, 2019. *See* Kristan Aff., ¶ 13. Defendant seeks the

assistance of the Court in obtaining complete responses to the Interrogatories and Document

Requests in advance of these depositions.

### III.   <u>Argument</u>

#### A.   The Failure by Plaintiff's Counsel To Respond To Requests For A Discovery Conference Warrant Automatically Granting The Motion to Compel.

Local Rule 37.1 makes clear that the "[f]ailure of opposing counsel to respond to a request for a discovery conference within 7 days of the request shall be grounds for sanctions, which may include automatic allowance of the motion." Local Rule 37.1. Pursuant to this rule, this Court has automatically allowed a motion to compel where counsel for the moving party "attempted to set up such a conference with defendants' counsel on two occasions before filing the motion and that defendants' counsel simply did not respond." *Cohen v. City of Newton*, 248 F.R.D. 92, 92–93 (D. Mass. 2008). Here, counsel for Defendant twice informed Plaintiff's counsel that she would call Plaintiff's counsel at pre-set times to confer about the discovery deficiencies. *See* Kristan Aff., Exs. G, H. On both occasions, counsel for Defendant also asked Plaintiff to propose alternative times if Plaintiff's counsel would not be available at the pre-set times. *See id.* Plaintiff's counsel was not available when Defendant's counsel called at the pre-set times and did not propose any alternative times. *See id.* Twenty-five days have now passed since Defendant's first request (on July 26, 2019) that Plaintiff's counsel participate in a conference, and, as such, the Motion should be automatically allowed. *Cohen*, 248 F.R.D. at 92–93.

#### B.   This Court Should Compel Plaintiff to Produce All Non-Privileged Documents Responsive to the Document Requests.

Even if Local Rule 37.1 did not require automatically granting this Motion, which it does, this Court should compel Plaintiff to search for and produce all non-privileged documents in his possession, custody, and control that are responsive to the Document Requests. This Court has explained that Rule 26(b)(1) "generally permits liberal discovery of relevant information." *Amoah v. Mckinney*, No. CV 4:14-40181-TSH, 2016 WL 1698267, at *1–2 (D. Mass. Apr. 27, 2016). "[B]ecause discovery itself is designed to help define and clarify the issues, the limits set

forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id*. There can be no doubt that the documents requested by Defendant fall within this broad definition of relevance and, accordingly, Plaintiff must produce them absent a valid objection. He has asserted no such objection. Rather, he has waived his objections to the Document Requests by failing to timely respond to them, and in any event, his objections must be disregarded as generic boilerplate statements that do not comply with Rule 34 of the Federal Rules of Civil Procedure. Plaintiff therefore cannot escape the obligation to produce all non-privileged documents responsive to the Document Requests.

      1.    <u>Plaintiff Has Waived All Objections to the Document Requests.</u>

By failing to timely respond to the Document Requests, Plaintiff has waived all objections to those discovery requests. Local Rule 34.1(c)(1) ("Any ground not stated in an objection [to a document request] within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."). *See also Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3 (D. Mass. 1996) (defendants waived objections to interrogatories and document requests by not serving the objections in a timely manner); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) ("If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). Plaintiff served the Responses to Document Requests nearly three weeks late, without requesting an extension, and without offering any satisfactory explanation for the delay. *See* Kristan Aff., ¶¶ 4-6. Accordingly, the Court should deem all objections to the Document Requests to be waived. *See* Local Rule 34.1(c)(1); *Tropix*, 169 F.R.D. at 3; *Krewson*, 120 F.R.D. at 7.

      2.      <u>Plaintiff's Boilerplate Objections Cannot Relieve Him of His Discovery Obligations.</u>

Even if Plaintiff had not waived his objections to the Document Requests, the "objections" Plaintiff has offered are nothing more than boilerplate responses that cannot shield him from producing the requested information. *See Amoah*, 2016 WL 1698267, at *5 (boilerplate objection improper). As amended in December 2015, Rule 34 of the Federal Rules of Civil Procedure makes clear that, for each requested category of documents, "the response must either state that inspection and related activities will be permitted as requested *or state with specificity the grounds for objecting to the request, including the reasons*." Fed. R. Civ. P. 34(b)(2)(B). This revised language "precludes the use of the type of boilerplate objections on which [Plaintiff] rel[ies]." *Ramos v. Town of E. Hartford*, No. 3:15-CV-166 (VLB), 2016 WL 7340282, at *2 (D. Conn. Dec. 19, 2016). *See also* 2015 Advisory Committee Notes to Fed. R. Civ. P. 34; *Leibovitz v. City of New York*, No. 15CIV546LGSHBP, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) ("General boilerplate objections are inappropriate and unpersuasive.").

Plaintiff has failed to meet this standard, instead relying on generic protestations that in many instances have no conceivable connection to the Document Requests. In response to each of Defendant's Document Requests, Plaintiff interposes the same nonspecific objections, repeatedly stating as follows:

> The Plaintiff OBJECTS to this Request as being beyond the scope of Federal Rules of Civil Procedure / Massachusetts Rules of Civil Procedure, Rule 26 [a], and for being, in part, overly broad and unduly burdensome and requesting the documents already in the possession of the Defendant, which are as easy to obtain by the Defendant as for the Plaintiff. Without waiving these Objections, the Plaintiff further Answers that the Defendant is already in possession of the documents requested, some of which the Defendant, not the Plaintiff, is in possession of. Further, this Request calls upon the plaintiff to determine legally and/or factually what is meant by the Request and what documents may or may not properly respond thereto. To the extent that the Defendant reasonably believes that the Plaintiff can produce documents in the possession of the Plaintiff, then the Plaintiff will make these documents available to the Defendant and the Defendant is free, at any time, to schedule an appointment at the office of the Plaintiff's

counsel, at which time, the Plaintiff will voluntarily make available for production and copying the entire file of the Plaintiff. The Plaintiff will supplement this Answer should the Plaintiff determine that a further Answer is required.

Kristan Aff., Ex. F.

In addition, in response to twenty-four (24) of the Document Requests, Plaintiff also appends a similarly non-specific sentence to the boilerplate response above, in which he objects on the grounds that the Request calls for an "oral answer" rather than documents, which is patently untrue.[2] *See* Kristan Aff., Ex. F (Responses to Document Request Nos. 27-43, 45-50, 52-55).

In his August 2 Letter, Plaintiff's counsel offered no further support for these objections. The sole rationale that he advanced – that "most, if not all" of the documents sought by Defendant are in Berklee's possession – is plainly inapplicable to a significant number of Defendant's document requests. *See* Kristan Aff., Ex. I, p. 2. For example, Defendant has requested that Plaintiff produce "notes, diaries, journals, social media posts . . . musical lyrics or compositions, or logs" concerning his allegations against Berklee (Document Request No. 62) and documents related to his compensation, wages, and attempts to continue his studies since his expulsion from the College (Document Request Nos. 53 and 54). *See* Kristan Aff., Ex. F, pp. 42-43, 49. These documents plainly are not in Berklee's possession. Plaintiff's assertion to the contrary is patently untrue and is reflective of Plaintiff's failure to meaningfully object to the Document Requests.

Plaintiff can find no shelter behind the boilerplate, nonspecific objections he has asserted in response to the Document Requests. Fed. R. Civ. P. 34(b)(2)(B). Accordingly, he should be

---

[2]     A handful of Plaintiff's objections also include a sentence tacked on to the end of this boilerplate response. *See* Kristan Aff., Ex. F (Responses to Document Request Nos. 19, 25, 26, 44, 51, 53, 58, 62, 63). Some of these statements are nonsensical, for example, Plaintiff's assertion that his private notes, diaries, journals, social media posts, musical lyrics, and logs are "public documents" that may be obtained by Defendant. *See* Kristan Aff., Ex. F, pp. 49-50 (Response to Document Request No. 62). Others appear to express a willingness to produce certain documents, none of which have actually been produced. *See* Kristan Aff., Ex. F (Response to Document Request Nos. 51, 53). None of them satisfy Rule 34's requirement that objections be stated with specificity.

compelled to search for, and produce, all non-privileged documents in his possession, custody, or control that are responsive to the Document Requests. *Id.*; *see also Ramos*, 2016 WL 7340282, at *2; *Leibovitz*, 2017 WL 462515, at *2 (and cases cited therein).

**C. This Court Should Compel Plaintiff to Supplement His Interrogatory Responses.**

1. <u>Plaintiff Should be Compelled to Supplement His Answers to Interrogatories 4, 8, and 9 to Comply With Local Rule 26.5.</u>

Plaintiff fails to include the elements required by Local Rule 26.5 in his answers to Interrogatories 4, 8, and 9, and he should be required to supplement those answers to provide the information required under the Local Rule. Pursuant to Local Rule 37.1(b), these interrogatories and the responses thereto are set forth in full below, along with a statement concerning the deficiency of each response.

<u>Interrogatory 4</u>

*Text of Interrogatory*

State the basis for your claim in paragraph 11 of the Complaint that you "would lose the last two [2] years of [your] working career, when [your] earnings would be at their highest." Kristan Aff., Ex. A, p. 4.

*Response by Plaintiff*

This has caused me to be set back at least two [3] (*sic*) years on obtaining my bachelors degree which I would be able to get a better job with a Bachelors instead of an associates degree. The Plaintiff reserves the right to Supplement this Answer at a later date. Kristan Aff., Ex. E, p. 5.

*Statement Regarding Deficiency*

The answer to Interrogatory 4 does not comply with Local Rule 26.5(c)(8), which specifies the information that must be included in response to a state-the-basis interrogatory. In

particular, the answer fails to: (1) identify documents forming the source of Plaintiff's information regarding the allegation; (2) identify communications forming the source of Plaintiff's information regarding the allegation; (3) state the acts or omissions forming the source of Plaintiff's information regarding the allegation; and (4) state all other facts forming the source of Plaintiff's information regarding the allegation. *See* Local Rule 26.5(c)(8). Defendant requests that Plaintiff be compelled to respond to Interrogatory 4 in full, without objection, and in compliance with Local Rule 26.5(c)(8).

Interrogatory 8

*Text of Interrogatory*

State the basis for your allegations in paragraph 26 of the Complaint that the Equity Policy and Process "imposes a form of strict liability on male students," and that "female students are treated differently than male students, based solely on their sex," being sure to identify all information that purportedly formed the basis of these contentions "on information and belief" at the time that you filed the Complaint. Kristan Aff., Ex. A, p. 5.

*Response by Plaintiff*

Objection, as this requests a professional and/or legal opinion and/or knowledge that I do not have and I am not qualified to render and relies in great part upon those trained in the law. Without waiving this Objection, the Plaintiff Answers as follows: All of the Witnesses that I provided were considered biased while in turn the witnesses provided by Ms. Doe were not listed as biased, without justification therefor. I feel as if they took Ms. Doe's word over my word based on her sex and not upon information and evidence that was presented and/or available by all the witnesses. I am not certain of the exact dates or names, but I recall reading in the local newspapers of suits brought against the Defendant alleging these arguments. The Plaintiff reserves the right to Supplement this Answer at a later date.  Kristan Aff., Ex. E, p. 8.

*Statement Regarding Deficiency*

Plaintiff has objected by asserting that this Interrogatory "requests a professional and/or legal opinion and/or knowledge that I do not have and I am not qualified to render and relies in great part upon those trained in the law." *See* Kristan Aff., Ex. E, p. 8. This objection has been waived as untimely. Local Rule 33.1(c)(1) ("Any ground not stated in an objection [to an interrogatory] within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."). *See also Tropix*, 169 F.R.D. 3 (defendants waived objections to interrogatories and document requests by not serving the objections in a timely manner). In addition, there is no basis for this objection, as Interrogatory 8 is a proper state-the-basis interrogatory. Defendant requests that Plaintiff respond to Interrogatory 8 in full, without objection. Defendant's response should comply with Local Rule 26.5(c)(8), which designates the information that must be contained in a response to a state-the-basis interrogatory.

<u>Interrogatory 9</u>

*Text of Interrogatory*

State the basis for your allegation in paragraph 27 of the Complaint that the Equity Policy and Process "appear[s] to be enforced only against male students at the" College. Kristan Aff., Ex. A, p. 5.

*Response by Plaintiff*

Objection, as this requests a professional and/or legal opinion and/or knowledge that I do not have and I am not qualified to render and relies in great part upon those trained in the law. Without waiving this Objection, the Plaintiff Answers as follows: All of the Witnesses that I provided were considered biased while in turn the witnesses provided by Ms. Doe were not listed as biased, without justification therefor. I feel as if they took Ms. Doe's word over my word based on her sex and not upon information and evidence that was presented and/or available by

all the witnesses. I am not certain of the exact dates or names, but I recall reading in the local newspapers of suits brought against the Defendant alleging these arguments. The Plaintiff reserves the right to Supplement this Answer at a later date. Ever since this happened to me all that I have heard was that males were always under the microscope at the College not the woman and that they were more believed than men. This seems improper and illegal. The Plaintiff reserves the right to Supplement this Answer at a later date. Kristan Aff., Ex. E, pp. 8-9.

*Statement Regarding Deficiency*

Plaintiff has objected by asserting that this Interrogatory "requests a professional and/or legal opinion and/or knowledge that I do not have and I am not qualified to render and relies in great part upon those trained in the law." *See* Kristan Aff., Ex. E, pp. 8-9. This objection has been waived as untimely. Local Rule 33.1(c)(1) ("Any ground not stated in an objection [to an interrogatory] within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."). *See also Tropix*, 169 F.R.D. 3. In addition, there is no basis for this objection, as Interrogatory 9 is a proper state-the-basis interrogatory. Defendant requests that Plaintiff respond to Interrogatory 9 in full, without objection. Defendant's response should comply with Local Rule 26.5(c)(8), which designates the information that must be contained in a response to a state-the-basis interrogatory.

2.       <u>Plaintiff Should Be Compelled To Answer Interrogatories 11 through 14.</u>

Plaintiff has failed entirely to respond to Interrogatories, 11, 12, 13, and 14. *See* Kristan Aff., Ex. E, pp. 9, 12. Plaintiff has provided no explanation for the omission of responses to those Interrogatories, and should now respond to them in full, without objection, and in compliance with Local Rule 26.5.

16

**D.      Defendant Is Entitled To Recover Its Expenses, Including Attorney's Fees, Incurred in Bringing This Motion.**

Pursuant to Rule 37(a)(5), when a motion to compel is granted, or when the requested discovery materials are not produced until after a motion to compel has been filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). *See also DiLeo v. United Rentals (N. Am.), Inc.*, No. 15-CV-40157-TSH, 2018 WL 3352967, at *3–4 (D. Mass. July 9, 2018) (discussing Rule 37). The award of attorney's fees is mandatory unless Plaintiff can establish that an exception applies. Fed. R. Civ. P. 37(a)(5)(A). *See also Notice v. DuBois*, 187 F.R.D. 19, 20 (D. Mass. 1999) (discussing mandatory nature of sanctions under Rule 37). Plaintiff's blatant failure to comply with his discovery obligations and the repeated refusals by his attorney to cooperate in good faith with Defendant's attempts to obtain the discovery to which it is entitled preclude Plaintiff from establishing any of these exceptions. Particularly indefensible are Plaintiff's failure to produce even a single document in response to the Document Requests and his counsel's refusal to confer as required by Local Rule 37.1. Plaintiff should therefore be required to pay the reasonable expenses incurred by Defendant in bringing this motion, including its attorney's fees.

Respectfully submitted,

BERKLEE COLLEGE OF MUSIC
By its attorneys,

/s/ Arielle B. Kristan
Laurie R. Bishop (BBO #672535)
    *lbishop@hrwlawyers.com*
John T. Graff (BBO #664825)
    *jgraff@hrwlawyers.com*
Arielle B. Kristan (BBO #677048)
    *akristan@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
(617) 348-4300

Dated: August 20, 2019

**<u>CERTIFICATE OF SERVICE</u>**

I, Arielle B. Kristan, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 20, 2019.

/s/ Arielle B. Kristan
Arielle B. Kristan
